UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES R. ABRAMS,

                Plaintiff,

     v.

SEQUIUM ASSET SOLUTIONS, LLC,

              Defendant.

CASE NO. 21-CV-05374-LK

ORDER GRANTING RELIEF
FROM DEADLINE AND
DIRECTING PLAINTIFF TO FILE
COMPLIANT DECLARATION

      This matter comes before the Court on Plaintiff James Abrams' Motion for Relief from Deadline and Retrospective Extension of Time. Dkt. No. 46. Abrams asks the Court to excuse the untimely Declaration of Andrew Grimm in Support of Plaintiff's Motion for Attorney Fees. Dkt. No. 40. Although the motion for relief from the deadline is granted, the untimely declaration suffers from an additional deficiency: it fails to comply with 28 U.S.C. § 1746. Abrams shall accordingly re-file a compliant declaration. The Court, however, cautions Abrams against altering the substance of the deficient declaration (i.e., the total hours billed, the billing increments, or the billing descriptions) beyond those changes necessary to comply with Section 1746. And last,

1    Abrams may not recover the costs or fees associated with re-drafting and re-filing attorney Andrew

2    Grimm's supporting declaration.

3                                    **I.    BACKGROUND**

4            Pursuant to Federal Rule of Civil Procedure 68(a), Defendant Sequium Asset Solutions,

5    LLC made Abrams an offer of judgment for his claims arising under the Fair Debt Collections

6    Practices Act, 15 U.S.C. §§ 1692–1692p, and Washington's Consumer Protection Act, Wash. Rev.

7    Code §§ 19.86.010–19.86.920. Dkt. No. 36 at 1, 3–5. Abrams timely accepted the offer. Dkt. No.

8    37 at 1. The Court thereafter ordered Abrams to file "a motion for attorney fees and costs supported

9    by billing records, attorney affidavits, and any other documentation necessary to determine the

10   reasonableness of the proposed fees and costs." Dkt. No. 38 at 2 (citing *Camacho v. Bridgeport*

11   *Fin., Inc.*, 523 F.3d 973, 978–81 (9th Cir. 2008)). The deadline for doing so was June 30, 2022.

12   Although Abrams timely filed his motion for attorney fees, attorney Andrew Grimm's supporting

13   declaration—which includes an itemization of the billable hours in this case, *see* Dkt. No. 40—

14   was not filed until 1:09 AM on July 1, 2022. Dkt. No. 46 at 1.

15           Sequium noted this late filing in a footnote of its response brief, which was filed over a

16   month later in August 2022. Dkt. No. 45 at 2 n.1.[1] Abrams thereafter moved for "a retrospective

17   extension of time and relief from deadline" with respect to Grimm's declaration. Dkt. No. 46 at 1.

18   Sequium opposes the motion. Dkt No. 53.

19                                    **II.    DISCUSSION**

20           The Court addresses Abrams' motion for retroactive relief from the deadline before

21   explaining why Grimm's declaration is deficient.

22

---

23   [1] The Court does not permit parties to advance substantive arguments in footnotes. Section IV.A of the Court's
     Standing Order for All Civil Cases (updated January 17, 2023) states that "[s]ubstantive information and discussion
     must appear in the body of the brief" because "footnotes are to be reserved for explanatory and supplemental

24   information." This language appeared in Section I.B.1(a) of the previous version of the Court's Standing Order, which
     was in effect at the time Sequium filed its opposition brief.

ORDER GRANTING RELIEF FROM DEADLINE AND DIRECTING PLAINTIFF TO FILE COMPLIANT
DECLARATION - 2

**A.    Motion for Relief from Deadline**

The Court may extend an expired filing deadline upon a showing of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). "To determine whether neglect is excusable, a court must consider four factors: '(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.'" *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007) (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000)). The Ninth Circuit has repeatedly eschewed application of per se, rigid rules when evaluating these four factors. *See, e.g.*, *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010); *Pincay v. Andrews*, 389 F.3d 853, 859–860 (9th Cir. 2004) (en banc). At bottom, the excusable neglect inquiry is "an equitable one" that "tak[es] account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also Ahanchian*, 624 F.3d at 1258–59 (Rule 6 must be "liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." (cleaned up)).

> 1.    Danger of Prejudice to Sequium

Abrams argues that the danger of prejudice to Sequium from a 70-minute delay in filing Grimm's declaration "is minimal to non-existent." Dkt. No. 46 at 4 ("Unless one of Defendant's counsel was planning to begin working on the opposition between the hours of midnight and 1:09am, there was no prejudice whatsoever."). The Court agrees. As does Sequium, which concedes that it was not prejudiced by the untimely declaration. Dkt. No. 53 at 3. Indeed, Sequium "even filed its [r]esponse early[.]" *Id.* The first factor favors Abrams.

> 2.    Length of Delay and Potential Impact

The second factor likewise supports Abrams. His 70-minute delay, at least in this case, is "miniscule" and did not impact the case schedule. Dkt. No. 46 at 4; *see, e.g.*, *Ahanchian*, 624 F.3d

ORDER GRANTING RELIEF FROM DEADLINE AND DIRECTING PLAINTIFF TO FILE COMPLIANT DECLARATION - 3

at 1262 (three-day delay did not justify denying relief). Sequium does not counter this point.

3.    <u>Reason for Delay</u>

The Court reaches a different conclusion with respect to the third factor. Abrams contends that this factor favors relief because "[t]he reason for the delay is the confluence of COVID-19 illness among Plaintiff's counsel and extraordinarily demanding deadlines during their illness," a perfect storm "that made it difficult to meet the two-week fee-motion deadline." Dkt. No. 46 at 4. Abrams specifically notes that, during the two-week period, his counsel "prepared and submitted a supplemental brief to the U.S. Supreme Court," "submit[ted] a Tenth Circuit merits brief on a complicated issue," and "prepare[d] an appellate appendix[.]" *Id.* at 5. According to Abrams, counsel "did their level-best to get the work submitted in a timely fashion" despite "rather intense" COVID-19 symptoms and "[t]he piling up of work while they were sick[.]" *Id.*[2] Although the Court is sympathetic to the plight of Abrams' counsel at a "small, public-interest nonprofit" like the Digital Justice Foundation, *id.*, these issues are insufficient to excuse the missed deadline. *See, e.g.*, *Gardner v. Toyota Motor Corp.*, No. C08-0632-RAJ, 2010 WL 11451542, at *2 (W.D. Wash. Feb. 9, 2010) ("While it may be true that [plaintiff's] counsel has a very busy solo practice and that preparing materials required more time than he allotted, those reasons do not constitute excusable neglect."); *Davis v. Johnson*, No. CVF03-5935-LJO-SMS, 2007 WL 1834846, at *2 (E.D. Cal. June 26, 2007) ("A solo practitioner's 'busy practice' and preparation of other cases does not establish excusable neglect[.]").

---

[2] Sequium suggests that Abrams had 27 days—"from June 3, 2022, the date of acceptance of the [offer of judgment], to June 30, 2022, the date the Motion for Attorney's Fees was due"—to draft and submit the motion and accompanying declaration. Dkt. No. 53 at 3–4 ("Plaintiff's window to brief the Motion for Attorney's Fees did not begin when the Court set the briefing schedule[.]"). The Court disagrees. This contention ignores the fact that, following Abrams' acceptance of the offer of judgment, the parties could have—indeed, should have—attempted to reach an agreement on attorney fees. For those 13 days between June 3 (acceptance) and June 16, 2022 (order setting deadline), there was no need for Abrams' counsel to draft a motion for attorney fees. And even after the Court set its two-week deadline, the parties were still encouraged to reach an agreement. *See* Dkt. No. 38 at 2 ("Alternatively, the parties may agree to the amount of attorney fees and costs by filing a notice of agreement.").

ORDER GRANTING RELIEF FROM DEADLINE AND DIRECTING PLAINTIFF TO FILE COMPLIANT DECLARATION - 4

Sequium is also correct in observing that Abrams should have moved for an extension sufficiently in advance of the deadline, rather than seeking retrospective relief. Dkt. No. 53 at 4; *see* LCR 7(j). Surely his counsel knew about the impending deadlines in their other cases and, given their diminished capacity while fighting the COVID-19 virus, reasonably should have foreseen the difficulty of meeting the June 30, 2022 fee motion deadline. Abrams counters that, although an advance motion for relief "would be ideal," this fact is "not pertinent to the factors set forth by the Ninth Circuit" with respect to Rule 6(b)(1)(B). Dkt. No. 54 at 4. This argument is problematic. First, it overlooks the Ninth Circuit's express directive to the contrary: "These four enumerated factors, *while not an exclusive list*, provide a framework with which to determine whether missing a filing deadline constitutes 'excusable' neglect." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (emphasis added). Adhering only to the enumerated factors would transform a flexible inquiry into an inflexible one. *See Ahanchian*, 624 F.3d at 1261. Second, Abrams' argument at base suggests that the Local Rules may be disregarded. Not so. The Court could have denied Abrams' request for relief on the sole basis that it violated Local Civil Rule 7(j); it elected not to because of its preference for decisions on the merits. *See King v. Liquor & Cannabis Bd.*, No. 2:20-CV-01494-RAJ, 2021 WL 4078135, at *3–4 (W.D. Wash. Sept. 8, 2021).[3] This factor weighs against Abrams.

    4.    Good Faith

As for the final factor, Abrams contends that he has acted in good faith because he "has been generous with opposing counsel on deadlines and extensions of time." Dkt. No. 46 at 5. He points to the fact that he acquiesced to a "significant extension of time" for Sequium's fee

---

[3] The Court further warns that it may impose sanctions for violations of the Local Civil Rules. *See Equal Emp. Opportunity Comm'n v. Cheesecake Factory, Inc.*, No. C16-1942-JLR, 2017 WL 4168264, at *2 n.3 (W.D. Wash. Sept. 19, 2017).

ORDER GRANTING RELIEF FROM DEADLINE AND DIRECTING PLAINTIFF TO FILE COMPLIANT DECLARATION - 5

opposition brief, did not oppose overlength briefing, and stipulated to an extension of time for Sequium to respond to his amended complaint. *Id.* Although a party's general good faith throughout litigation is a relevant consideration, the inquiry primarily focuses on the party's good or bad faith in failing to meet the specific deadline at issue. *See Ahanchian*, 624 F.3d at 1262 ("[T]here is no indication that Ahanchian's failure to file the opposition on time was the result of bad faith.").

Sequium concedes that it "has no reason to believe that Plaintiff's counsel has not made good faith efforts to comply with the rules." Dkt. No. 53 at 4. Nonetheless, it argues that "the pattern on display indicates otherwise." *Id.* Sequium specifically faults Abrams for failing to move for retrospective relief until a week after it noted the deficiency in its fee opposition brief. *Id.*; *see* Dkt. No. 45 at 2 n.1. And to top it off, Abrams then made "the same exact mistake by filing [his] Reply brief late"—a pleading that "violated the page limit and the font and spacing requirements[.]" Dkt. No. 53 at 4; *see* Dkt. No. 51. The Court is troubled by this emerging pattern of late filings and sloppy lawyering. *Cf. Ahanchian*, 624 F.3d at 1262 ("[C]ounsel had no history of missing deadlines or disobeying the district court's orders; in fact, he demonstrated a sensitivity to the court's orders and deadlines by promptly seeking extensions of time where necessary."). Although the Court will not tolerate further violations of its deadlines or rules, Abrams' motion is not "a bad-faith, post-hoc rationalization concocted to secure additional time." *Id.* The error here "resulted from negligence and carelessness, not from deviousness or willfulness." *Bateman*, 231 F.3d at 1225; *see also PLU Invs., LLC v. Intraspect Grp., Inc.*, No. C10-626-RSL, 2011 WL 1376192, at *3 (W.D. Wash. Apr. 12, 2011) ("Although defendant's counsel might have filed earlier, she did not 'purposely ignore' her deadline." (quoting *Stock v. Wisman*, No. C05-1214-MJP, 2005 WL 2206901, at *2 (W.D. Wash. Sept. 12, 2005))). The final factor weighs in Abrams' favor.

In sum, then, three of the four factors point towards granting retrospective relief. The Court accordingly excuses the 70-minute delay in filing Grimm's declaration. Dkt. No. 40.

**B.     Remaining Deficiency**

Grimm's declaration nonetheless suffers from another (this time, fatal) flaw: it fails to substantially comply with 28 U.S.C. § 1746. This statute requires a declaration to be made "substantially" in the following language: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(2); *see Commodity Futures Trading Comm'n v. Topworth Int'l, Ltd.*, 205 F.3d 1107, 1112 (9th Cir. 1999) (declaration language must be substantially similar to the statutory language, although it need not track it with precision). The purpose of this affirmation is to be certain that "the declarant understands the legal significance of the declarant's statements and the potential for punishment if the declarant lies." *United States v. Bueno-Vargas*, 383 F.3d 1104, 1111 (9th Cir. 2004); *Fantagraphics Books, Inc. v. Ferris*, No. C21-00802-LK, 2022 WL 4120166, at *5 (W.D. Wash. Sept. 9, 2022) (a declaration must "meet the requirements of the statute and demonstrate that [the declarant] understands the legal significance of his statements and the consequences of lying").

As relevant here, Grimm's declaration includes the following language: "The following statements are true to the best of my knowledge, information, and belief, and I could testify to them if called as a witness[.]" Dkt. No. 40 at 1. This is insufficient because it does not contain a certification under penalty of perjury. *See Sagdai v. Travelers Home & Marine Ins. Co.*, No. 2:21-CV-00182-LK, 2022 WL 16699190, at *5 (W.D. Wash. Nov. 3, 2022) (declarations did not substantially comply with Section 1746 "because none include[d] a certification under penalty of perjury"); *Pisciotti v. Brittingham*, No. 20-CV-05924-LK, 2022 WL 2392198, at *9 (W.D. Wash. July 1, 2022) (plaintiff's declaration averring that the information therein was based on his personal knowledge and indicating that he could testify to such matters did not substantially

conform to Section 1746). Grimm's declaration is also deficient because he attests to the truth of the information therein only "to the best of [his] knowledge, information, and belief[.]" Dkt. No. 40 at 1; *see Satterwhite v. Dy*, No. C11-528-RAJ, 2012 WL 748287, at *2 (W.D. Wash. Mar. 5, 2012) ("[A]ttesting that 'the above is accurate to the best of my knowledge and belief' is not the same as attesting to the truth of the statement."); *Hoffman v. PennyMac Holdings, LLC*, No. C17-1062-JLR, 2018 WL 6448779, at *3 (W.D. Wash. Dec. 10, 2018) ("Numerous courts have found th[is] type of language . . . to be not in substantial compliance with 28 U.S.C. § 1746."). The Court accordingly strikes Grimm's declaration. *See Satterwhite*, 2012 WL 748287, at *2 (striking declarations that failed to comply with Section 1746).

### III.   CONCLUSION

The Court GRANTS Abrams' Motion for Relief from Deadline and Retrospective Extension of Time, Dkt. No. 46, but STRIKES Grimm's deficient declaration, Dkt. No. 40. Abrams is directed to re-file Grimm's declaration in a form that substantially complies with 28 U.S.C. § 1746 within seven days of the date of this Order. He may not, however, recover costs and attorney fees associated with the re-drafting and re-filing of that declaration. *See Stephens v. Marion, White, O'Farrell & Gonzalez*, No. C10-5820-BHS, 2011 WL 4747920, at *4 (W.D. Wash. Oct. 7, 2011) (denying fees for time spent correcting mistakes).

Dated this 26th day of January, 2023.

Lauren King
United States District Judge